IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| INDIGO KLABANOFF, ST. GEORGE MARKET-TASTE OF SOUTHERN UTAH,[1]<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ST. GEORGE, CITY COUNCIL OF ST. GEORGE, COUNCILMEMBER JIMMIE HUGHES, COUNCILMEMBER DANIELLE LARKIN, COUNCILMEMBER NATALIE LARSEN, COUNCILMEMBER GREGG MCARTHUR, COUNCILMEMBER MICHELLE TANNER, MAYOR MICHELE RANDALL, and CITY MANAGER JOHN WILLIS,<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br><br>Case No. 4:23-cv-00060-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

This matter is before the Court on Defendants' Motion for Judgment on the Pleadings.[2] This case has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, it is recommended that the Motion be denied.

---

[1] Plaintiff Indigo Klabanoff purports to represent both herself and St. George Market-Taste of Southern Utah. Although individuals may represent their own personal interests without an attorney, artificial entities may appear in court only through licensed counsel. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993).

[2] Docket No. 26, filed September 18, 2023.

1

I. BACKGROUND[3]

This case arises out of the City of St. George's (the "City") decision to deny Plaintiff Indigo Klabanoff a special event permit to host the St. George Market/Taste of Southern Utah for violating the City's advertising ordinance. Plaintiffs contend that this denial was in contravention of the Constitution. Plaintiffs allege they have suffered damages as a result of the City's denial of the special event permit. Defendants argue that subsequent events demonstrate that Plaintiffs' claims are not ripe.

II. STANDARD OF REVIEW

Defendants' Motion raises a challenge to the Court's subject matter jurisdiction.[4] "The question of ripeness, like other challenges to a court's subject matter jurisdiction, is treated as a motion under Rule 12(b)(1)."[5] A motion to dismiss under Rule 12(b)(1) can take one of two forms: (1) facial attacks "challeng[ing] the sufficiency of the complaint, requiring the district court to accept the allegations in the complaint as true," or (2) factual attacks, "challeng[ing] the facts upon which subject matter jurisdiction depends."[6] With factual attacks, "the court must look beyond the complaint and has wide discretion to allow documentary and even testimonial

---

[3] The relevant background facts are more fully set out in a related case. *S. Utah Drag Stars, et al. v. City of St. George, et al.*, 4:23-cv-00044-DN-PK, Docket No. 63.

[4] Whether a matter is ripe for judicial review is an inquiry that affects a court's subject matter jurisdiction under the case or controversy clause of Article III of the United States Constitution. *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1498–99 (10th Cir. 1995).

[5] *Id.* at 1499.

[6] *Paper, Allied–Indus., Chem. & Energy Workers Int'l Union v. Cont'l Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005).

evidence under Rule 12(b)(1)."[7] "Reliance on evidence outside the pleadings in addressing such a motion does not, as a general rule, convert the motion to one for summary judgment under Fed. R. Civ. P. 56."[8]

### III. DISCUSSION

Defendants argue that Plaintiffs' claims are not ripe. Article III of the Constitution limits the jurisdiction of the federal courts to "cases" or "controversies." A "case or controversy" is a dispute that is "definite and concrete, touching the legal relations of parties having adverse legal interests . . . [and] admitting of specific relief through a decree of a conclusive character."[9] The "case or controversy" requirement is vague,[10] but at minimum it requires some sort of active dispute that has consequences in the real world.[11]

The doctrine of ripeness is a subcategory of justiciability that "aims to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements."[12] Courts determining ripeness look at "(1) the *fitness* of the issue for judicial resolution and (2) the *hardship* to the parties of withholding judicial consideration."[13] "A case meets the first prong if it does not involve uncertain or contingent events that may not occur at

---

[7] *Id.*

[8] *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002).

[9] *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41 (1937) (internal citation omitted).

[10] *Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1376 (10th Cir. 2011) ("Unfortunately, there is no formula to determine in every dispute whether the Article III 'Case or Controversy' requirement has been satisfied.").

[11] *Id.* at 1379.

[12] *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1275 (10th Cir. 2012) (internal quotation marks and citation omitted).

[13] *Id.* (internal quotation marks and citation omitted).

all (or may not occur as anticipated). The second prong addresses whether the challenged action is a direct and immediate dilemma for the parties."[14]

Defendants argue that Plaintiffs' claims are not ripe because Plaintiffs voluntarily rescheduled their event after the City stopped enforcing the advertising ordinance, which was the reason for the denial of the permit in the first instance. Defendants contend that any claims related to the postponed event are not ripe because the event is now scheduled for over a year away. Defendants argue that Plaintiffs were not forced to postpone their event but, instead, they unilaterally chose to do so.

Defendants' argument misstates Plaintiffs' claims. Plaintiffs claim that they were forced to postpone their event as a result of the denial of the permit and incurred damages because of that denial. Plaintiffs assert that there "was an inadequate amount of time to restart the entire event planning process" "to make necessary preparations for the event" after the city stopped enforcing the advertising ordinance.[15] Plaintiffs allege they incurred damages between the time the City denied their permit and the City's decision to stop enforcing the advertising prohibition. Plaintiffs explain that, during this period,

> Plaintiff lost nearly three months of time to prepare for the event. That time was so critical to the success of the event that upon learning of the City's decision to allow Plaintiff's business to proceed, it was too late. Plaintiff had lost the opportunity to put together a successful event and had to cancel it. The damage was done.[16]

Turning to the first consideration, Plaintiffs' claim as it relates to the City's initial permit denial is fit for judicial review. The decision to deny Plaintiffs a special event permit in March

---

[14] *Id.* (internal quotation marks and citation omitted).

[15] Docket No. 1, at 4.

[16] Docket No. 29, at 3.

2023 has already occurred and Plaintiffs' claims related to that denial do not depend on any future events. While any claims related to the 2024 event certainly involve uncertain or contingent events that may not occur, the City's past decision to deny Plaintiffs a permit and their alleged damages because of that denial do not.

Defendants argue that Plaintiffs' claims fail because they voluntarily decided to move the event to the following year even after the City stopped enforcing the advertising prohibition. Putting aside the conflicting evidence on this point, even if the event went forward as scheduled, Plaintiffs would not be prohibited from asserting claims based on the City's initial permit denial. And Plaintiffs could attempt to prove damages as a result of the City's initial denial.

A helpful example is found in *Lippoldt v. Cole*.[17] There, the city denied parade permits.[18] However, the plaintiffs obtained a temporary restraining order, and the parades went ahead.[19] Despite the fact that the parades were held, the Tenth Circuit concluded that the plaintiffs could attempt to demonstrate compensatory damages because of the initial denial of the permit.[20] The same is true here. Had Plaintiffs' event gone ahead as scheduled, Plaintiffs could still attempt to demonstrate compensatory damages because of the City's initial denial. And even if Plaintiffs could not demonstrate compensatory damages, they could be awarded nominal damages based

---

[17] 468 F.3d 1204 (10th Cir. 2006).

[18] *Id.* at 1210.

[19] *Id.* at 1211.

[20] *Id.* at 1217. Ultimately, the court concluded that the plaintiffs' claim for damages was speculative and unsupported. *Id.* at 1221.

on the alleged deprivation of First Amendment rights.[21] Therefore, Plaintiffs' claims related to the City's initial permit denial are fit for judicial review.

As to the second prong, there is a direct and immediate dilemma for the parties. The City denied Plaintiffs a special event permit. As a result of that denial, Plaintiffs claim their event was unable to move forward as scheduled and that they have suffered damages as a result. This is sufficient to meet this prong. Therefore, Plaintiffs' claims are ripe, and it is recommended that Defendants' Motion be denied.

## IV. CONCLUSION AND RECOMMENDATION

For these reasons, the undersigned recommends that Defendants' Motion for Judgment on the Pleadings (Docket No. 26) be denied.

Copies of this Report and Recommendation are being mailed to all parties who are hereby notified of their right to object. The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

---

[21] *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 308 n.11 (1986) ("[N]ominal damages, and not damages based on some undefinable value of infringed rights, are the appropriate means of vindicating rights whose deprivation has not caused actual, provable injury.") (internal quotation marks and citation omitted); *Searles v. Van Bebber*, 251 F.3d 869, 879 (10th Cir. 2001) ("[T]he rule seems to be that an award of nominal damages is mandatory upon a finding of a constitutional violation.").

DATED this 30th day of October, 2023.

BY THE COURT

_____
PAUL KOHLER
United States Magistrate Judge