IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| INDIGO KLABANOFF; and ST. GEORGE MARKET-TASTE OF SOUTHERN UTAH,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ST. GEORGE; CITY COUNCIL OF ST. GEORGE; COUNCILMEMBER JIMMIE HUGHES; COUNCILMEMBER DANIELLE LARKIN; COUNCILMEMBER NATALIE LARSEN; COUNCILMEMBER GREGG MCARTHUR; COUNCILMEMBER MICHELLE TANNER; MAYOR MICHELE RANDALL; and CITY MANAGER JOHN WILLIS,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 4:23-cv-00060-DN-PK<br><br>District Judge David Nuffer |

The Report and Recommendation[1] issued by United States Magistrate Judge Paul Kohler on October 30, 2023 recommends that Defendants' Motion for Judgment on the Pleadings[2] be denied.

Defendants objected to the Report and Recommendation, arguing that the Magistrate Judge errored in determining that Plaintiffs' claims are ripe and failing to consider extrinsic evidence.[3] Defendants further argue that the Magistrate Judge relied on inapplicable precedent

---

[1] Docket no. 32, filed Oct. 30, 2023.

[2] Docket no. 26, filed Sept. 18, 2023.

[3] Defendants' Objection to the Report and Recommendation to Deny Defendants' Motion for Judgment on the Pleadings ("Objection") at 4-8, docket no. 34, filed Nov. 13, 2023.

relating to mootness, and erred in determining that even if Plaintiffs could not demonstrate compensatory damages, they could be awarded nominal damages.[4]

De novo review has been completed of those portions of the report, proposed findings and recommendations to which objection was made, including the record that was before the Magistrate Judge and the reasoning set forth in the Report and Recommendation.[5]

Defendants argue that because Plaintiffs voluntarily chose to reschedule their event after the City of St. George (the "City") stopped enforcing its advertising ordinance that was used to deny Plaintiffs' special event permit application, Plaintiffs' claims are not ripe.[6] "The question of ripeness, like other challenges to a court's subject matter jurisdiction, is treated as a motion under Rule 12(b)(1)."[7] Motions under Rule 12(b)(1) can take two forms: (1) facial attacks "challeng[ing] the sufficiency of the complaint, requiring the district court to accept the allegations in the complaint as true," and (2) factual attacks, "challeng[ing] the facts upon which subject matter jurisdiction depends."[8] On factual attacks, courts "look beyond the complaint and ha[ve] wide discretion to allow documentary and even testimonial evidence[.]"[9]

The doctrine of ripeness is a subcategory of justiciability that "aims to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements."[10] Courts determining ripeness look at "(1) the *fitness* of the issue for judicial

---

[4] *Id*. at 8-10.

[5] 28 U.S.C. § 636(b).

[6] Objection at 4-8.

[7] *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995).

[8] *Paper, Allied-Indus., Chem. & Energy Workers Int'l Union v. Cont'l Carbon Co.,* 428 F.3d 1285, 1292 (10th Cir. 2005).

[9] *Id*.

[10] *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1275 (10th Cir. 2012) (internal quotations and citations omitted).

resolution and (2) the *hardship* to the parties of withholding judicial consideration."[11] "A case meets the first prong if it does not involve uncertain or contingent events that may not occur at all (or may not occur as anticipated). The second prong addresses whether the challenged action is a direct and immediate dilemma for the parties."[12]

  Defendants' objections to the Report and Recommendation lack merit and stem from Defendants' misreading of Plaintiffs' Complaint[13] and mischaracterization of the Report and Recommendation's analysis. Defendants ignore that Plaintiffs' claims allege that the unconstitutional denial of their permit application "significantly impacted [P]laintiff's *[sic]* business operations and hindered [P]laintiffs['] ability to thrive within the community."[14] Plaintiffs allege Defendants' actions "deprived them of crucial income opportunities and undermined their economic stability."[15] Plaintiffs specifically seek damages for "losses in income, time, and emotional distress" related to postponing their event.[16] Such damages would include, but are not limited to, those incurred during the time between their application's denial and when the City stopped enforcing its advertising ordinance.

  Defendants also ignore that at the time Plaintiffs' application was denied, the City placed a six-month moratorium on special events which prohibited acceptance of new applications.[17] Plaintiffs allege that the moratorium "effectively prevented them from [pursuing alternative options within the City,]" and that there "was an inadequate amount of time to restart the entire

---

[11] *Id*. (internal quotations and citations omitted).

[12] *Id*. (internal quotations and citations omitted).

[13] Docket no. 1, filed Aug. 11, 2023.

[14] *Id*. at 3-4, 9.

[15] *Id*. at 5.

[16] *Id*. at 4, 9-10.

[17] *Id*. at 3-4.

event planning process" and "to make necessary preparations for the event" after the City stopped enforcing its advertising ordinance.[18]

Plaintiffs' claims and alleged damages do not rest upon uncertain and contingent future events, and are the subject of a direct and immediate dilemma. Defendants' assertion that Plaintiffs' permit application was not complete at the time it was denied[19] does not affect that the denial allegedly violated Plaintiffs' constitutional rights and resulted in damages to Plaintiffs. Defendants' reliance on a separate event (the Southern Utah Drag Stars event) that was able to proceed within two weeks after the City was enjoined from enforcing its advertising ordinance[20] does not establish that Plaintiffs' event could have proceeded as originally sought in their permit application. And Plaintiffs' ultimate decision to postpone their event until October 2024 does not somehow negate the alleged constitutional violations or damages they claim to have suffered before making that decision.

Defendants' extrinsic evidence and mischaracterization of Plaintiffs' Complaint[21] are not sufficient to overcome the Complaint's allegations that demonstrate the ripeness of Plaintiffs' claims and damages. And Defendants arguments and mischaracterization of the Report and Recommendation's analysis[22] cannot lead to a determination that Plaintiffs' claims and alleged damages are unripe for judicial review as a matter of law. The Report and Recommendation thoroughly discusses the flaws in Defendants' reading of Plaintiffs' Complaint.[23] It also cites to and applies the appropriate legal authorities in reaching the conclusion that Plaintiffs' claims and

---

[18] *Id*.

[19] Objection at 7.

[20] *Id*.

[21] *Id*. at 6-7.

[22] *Id*. at 4-10.

[23] Report and Recommendation at 3-6.

alleged damages are ripe and fit for judicial review.[24] The analysis and conclusion of the Magistrate Judge are correct. Therefore, the analysis and conclusion of the Magistrate Judge are accepted and the Report and Recommendation[25] is adopted.

## ORDER

IT IS HEREBY ORDERED that the Report and Recommendation[26] is ADOPTED.

Signed July 11, 2024.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[24] *Id*.

[25] [Docket no. 32](#), filed Oct. 30, 2023.

[26] [Docket no. 32](#), filed Oct. 30, 2023.