IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| INDIGO KLABANOFF; and ST. GEORGE MARKET-TASTE OF SOUTHERN UTAH,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ST. GEORGE; CITY COUNCIL OF ST. GEORGE; COUNCILMEMBER JIMMIE HUGHES; COUNCILMEMBER DANIELLE LARKIN; COUNCILMEMBER NATALIE LARSEN; COUNCILMEMBER GREGG MCARTHUR; COUNCILMEMBER MICHELLE TANNER; MAYOR MICHELE RANDALL; and CITY MANAGER JOHN WILLIS,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER FINDING MOOT OBJECTION TO ORDER APPOINTING PRO BONO COUNSEL<br><br>Case No. 4:23-cv-00060-DN-PK<br><br>District Judge David Nuffer |

The Order Appointing Pro Bono Counsel ("Order")[1] issued by United States Magistrate Judge Paul Kohler on November 2, 2023, orders request to be made for pro bono counsel to represent Plaintiffs in a limited scope to assist in drafting and responding to discovery requests; drafting and responding to any preliminary motions; and engaging in preliminary discussions and attending mediation for the potential resolution of the case.[2]

Defendants objected to the Order, arguing that appointment of counsel under 28 U.S.C. § 1915(e)(1) is improper because Plaintiffs are not indigent.[3] Defendants further argue that the

---

[1] Docket no. 33, filed Nov. 2, 2023.

[2] *Id*. at 2.

[3] Defendants' Objection to Magistrate Judge's Order Appointing Pro Bono Counsel on a Limited Basis ("Objection") at 2-3, docket no. 35, filed Nov. 13, 2023.

appointment of counsel may create a conflict of interest, and that Plaintiff St. George Market-Taste of Southern Utah should be dismissed without prejudice as an alternative to the appointment of counsel.[4]

De novo review has been completed of those portions of the Order and findings to which objection was made, including the record that was before the Magistrate Judge and the reasoning set forth in the Order.[5]

Defendants' objections to the Order lack merit. Apart from being a dubious challenge to an Order that does not involve Defendants and has no effect on their ability to present a defense in this case, Defendants misread and mischaracterize the Order. Contrary to Defendants' assertion, the Order does not purport to appoint counsel to Plaintiffs under 28 U.S.C. § 1915(e)(1). The Order references the statute as an example of an instance when counsel may be appointed in a civil case.[6] But the Order then identifies and analyzes factors for the discretionary appointment of counsel, and directs that a request for pro bono counsel be made under local rule DUCivR 83-1.3 and the local Civil Case Pro Bono Program.[7] Neither the local rule nor the local Civil Case Pro Bono Program reference § 1915(e)(1) or require a finding of indigence for the appointment of pro bono counsel.[8]

Also contrary to Defendants assertion, the Order does not purport to appoint pro bono counsel because Plaintiff St. George Market-Taste of Southern Utah is an entity that may not appear pro se. The Order expressly states that a limited appointment of pro bono counsel is

---

[4] *Id*. at 3.

[5] 28 U.S.C. § 636(b).

[6] Order at 1.

[7] *Id*. at 1-2.

[8] DUCivR 83-1.3(b); D. Utah General Orders 15-001, 22-017.

appropriate because Plaintiffs state a plausible claim of a constitutional violation, and the claim involves complicated legal matters that would benefit from the assistance of counsel.[9] Defendants also present no factual or legal basis for the asserted potential conflict of interest between the court and appointed counsel.

The analysis and conclusions of the Magistrate Judge in the Order are not "clearly erroneous or . . . contrary to law."[10] But regardless, Defendants' Objection to the Order is now moot. While Defendants' Objection was pending, pro bono counsel Aaron Prisbrey entered a limited notice of appearance.[11] The case was then stayed pending settlement negotiations by stipulation of the parties.[12] And on the same day the stay was lifted, June 21, 2024,[13] counsel Marcus Smith filed a notice of substitution as counsel for Plaintiffs.[14] The appearance of Plaintiffs' new counsel was not made through the local Civil Case Pro Bono Program and the appearance does not purport to be limited in scope. Therefore, the appearance of new counsel for Plaintiffs renders Defendants' Objection to the Order MOOT.

---

[9] Order at 2.

[10] Fed. R. Civ. P. 72(a).

[11] Notice of Acceptance of Appointment as Pro Bono Counsel and Limited Appearance of Counsel Pursuant to Order of November 2, 2023, U.S. Magistrate Paul Kohler, docket no. 36, filed Nov. 16, 2023.

[12] Order Granting Stipulated Motion to Stay, docket no. 43, filed Feb. 6, 2024.

[13] Order Lifting Stay, docket no. 49, filed June 21, 2024.

[14] Notice of Substitution of Counsel (Marcus B. Smith for Aaron J. Prisbrey), docket no. 50, filed June 21, 2024

## ORDER

IT IS HEREBY ORDERED that Defendants' Objection[15] is MOOT.

Signed July 11, 2024.

BY THE COURT

David Nuffer
United States District Judge

---

[15] Docket no. 35, filed Nov. 13, 2023